By the Court.
The plaintiff in error, Harry Loucks, was injured while in the discharge of his duties as a brakeman or switchman in the employ of the Cromwell Steel Company, in the yards of that company, which were a part of its plant at Lorain. He brings this action against The New York, Chicago & St. Louis Railroad Company to recover damages for his injury, claiming that it resulted from the negligence of the defendant in delivering to the Cromwell Steel Company a certain freight car of the Central Railroad Company of New Jersey, which had an uncoupling device that was out of order, making it necessary to go between the cars to accomplish the uncoupling thereof.
The record discloses that this car was delivered by the defendant to the steel company three days prior to the occurrence, complained of, and that on’ *165 the day prior to the occurrence plaintiff observed the condition, of the uncoupling device, which was that "there was too much slack in the chain, and when you pulled up on the lever it wouldn’t raise it out of its place.” There was no evidence whatever that the uncoupling device was not in condition to operate properly at the time the car was delivered by the defendant to the steel company. There is no evidence on that subject, but it does appear that the defendant company maintained three places at Lorain where cars were inspected.
Concededly the defendant company had nothing to do with the transaction except to receive the car and transport it over its own road and deliver it to the Cromwell Steel Company. Thereafter it was entirely under the control of the Cromwell Steel Company, which company owned engines and cars which it operated in and about its yards. The crew of the steel company had full charge and control of these operations and with them the defendant company had nothing whatever to do.
The evidence of the plaintiff discloses that in the switching operations about the yards at the time in question he was directed by the yardmaster, an agent and representative of the Cromwell Steel Company,' to place a car pointed out by him, which was a car belonging to the steel company, on a designated switch. Obedient to that direction he attempted to uncouple it. There was ho uncoupling lever upon that car, and plaintiff then pulled the lever on the next car, which was the car of the Central Railroad Company of New Jersey, above referred to, the chain upon, the uncoupling device *166 of which the plaintiff then knew was too long and that it would not uncouple by the use of the lever. In obedience to the direction of the yardmaster the plaintiff stepped between the cars and lifted the lock pin with his thumb and finger. Thereupon the yardmaster, standing near by, directing the operation, gave a. signal to the engineer to back up, which would have taken the engine in the opposite direction. The plaintiff testified that he observed the yardmaster give the signal and expected. the engine to back away from him, but instead of that the engine came quickly forward, causing the car attached thereto, which was a car of the steel company, to knock the plaintiff down and cause injury to his foot. Plaintiff further testified that he did not expect the engineer to give him any slack; that he needed none. He further said, “When I stepped in I expected the man would stand still until he got a signal from the yardmaster to back up, because he was the man that told me to do this work. * * * _ He told me to go in there and do it.”
From the evidence disclosed by the record it therefore clearly appears that the plaintiff, an employe of the steel company, acting upon the express and mandatory direction of the yardmaster of that company, attempted to uncouple these cars, and while he was doing- so the yardmaster, the plaintiff’s superior, attempted to give a signal to move the engine and the car attached thereto away, that he either gave the wrong signal, or the engineer erred in executing the order conveyed thereby, or was given a contrary signal by the conductor *167 who was a short distance away, for he moved the engine in the wrong direction, and concededly that, error caused the injury, and but for that negligence the accident would not have occurred. All the men referred to were employes of the steel company.
Under this state of facts the defendant would not become liable in an action by the plaintiff for such injury under the terms of either the federal or state safety-appliance act. Robinson v. B. & O. Rd. Co., 237 U. S., 84, and Chicago, Rock Isld. & Pac. Ry. Co. v. Bond, Admr., 240 U. S., 449.
Whatever may be said as to the duty and the liability of the steel company, which company was not a defendant in this action, it must be concluded from the foregoing statement that the trial court did not commit error in directing a verdict for -the defendant. . The court of appeals affirmed that judgment, and its judgment is here affirmed.

Judgment affirmed

Marshall, C. J., Johnson, Hough, Robinson, Jones and Matthias, JJ., concur.